NEALY v. THE STATE.

The case turned wholly on the credibility of the witnesses, and there was no error in denying a new trial. *Judgment affirmed.*
August 1, 1892.

Criminal law. Evidence. Before Judge FISH. Dooly superior court. September adjourned term, 1891.

The defendant was convicted of assault with intent to murder. He moved for a new trial on the grounds that the verdict was contrary to law and evidence, and the motion was overruled. The testimony for the State tends to show that the shooting occurred near a church where service was being held; that one Anderson had a bottle which the defendant asked to be allowed to see, and Anderson replied, " Oh, no; it aint mine; I won't do it." Defendant persisted, and then Anderson let him see it.. The defendant took it in one hand and held his pistol in the other, saying, " I keeps this God damn bottle." Anderson said, " Oh, no, mister; I borrowed this bottle." Defendant repeated what he had said. Anderson reached after the bottle, and the defendant shot him with the pistol and then fled into the church, pursued by Anderson who shot at him twice as he ran. Anderson was not a witness at the trial; it was in testimony that his home was in Pulaski county, the trial being in Dooly county. The defendant introduced much testimony to show that the main witness for the State was so situated as to be unable to see what he testified he saw. The defendant stated that he did not shoot " that fellow," and that the reason he ran was because he commenced shooting at defendant.

BUSBEE & CRUM, for plaintiff in error.
C. B. HUDSON, solicitor-general, *contra.*